## Koons v. Stape.

*Deeds — Restrictions — Intention—Right to enforce restrictions—Restrictions preventing building on a building lot.*

1. While a deed is to be construed in accordance with the intention of the parties as ascertained from the words employed in connection with the subject-matter and surrounding circumstances, such apparent intention cannot be given effect where the express language of the deed contradicts it.

2. Where twenty-five feet wide building lots were sold under a general restriction that no building should be erected thereon "within fifteen feet from any street," a purchaser of a corner lot cannot build within fifteen feet from either the side street or the front street, although the intention must have been to apply this restriction only to the front street.

3. In a general improvement or development scheme, any holder of a lot can enjoin one who violates any of the restrictions contained in the deeds to all the lots, and need not allege special injury.

Bill for injunction. C. P. Lancaster Co., Equity Docket No. 6, page 516.

*C. E. Charles* and *George Ross Eshleman*, for plaintiff.

*K. L. Shirk* and *John A. Coyle*, for defendant.

HASSLER, J., July 12, 1922.—Some time prior to 1913, Ellwood W. Watson laid out a tract of land, called the Colonial Park Tract, in Lancaster Township, west of the City of Lancaster, in building lots. A plan of the lots with the streets appearing on it is recorded in the office of the Recorder of Deeds in

Koons *v.* Stape.

Lancaster County, in the Plan Book on page 67. It appears from it that all of the lots have a frontage on a street of approximately 25 feet. About fifty of them are corner lots; that is, are bounded by two streets. The remaining lots, being a hundred in number, are not corner lots, and are not bounded in front by a street. The plaintiff owns a lot on Spencer Avenue. The defendant owns the lot adjoining, fronting on Spencer Avenue, and bounded on one side by Watson Avenue. It contains a frontage of 25 feet and a depth of 140 feet along Watson Avenue. All of the deeds for the lots in this development scheme contain the following restrictions: "The above described lot, or tract of land, is sold subject to the following reservations, and there shall be no house constructed on said lot of land costing less than two thousand dollars, nor shall any building be erected thereon within fifteen feet of any street bounding the premises hereby conveyed." The defendant is about to erect a house on his lot, back from Spencer Avenue the required distance, but within four feet of Watson Avenue. The plaintiff alleges this to be a violation of the restriction contained in his deed, and asks that he be enjoined from erecting the said building.

It is true that a deed must be construed according to the intention of the parties, and that this intention is to be ascertained from the words which have been employed in connection with the subject-matter and the surrounding circumstances. But such intention cannot be given effect where there are expressions in the deed which positively forbid it, or render it impossible, and it cannot overcome the express language of the deed, taken as a whole: 18 Corpus Juris, 252. We are satisfied that it was the intention of the grantor and of those who purchased the corner lots that the restriction was only meant to apply to the street in front of the lot, and that it was their intention that the grantee of such a lot should not be restrained from erecting a building within fifteen feet of the street bounding it on the side. We are of this opinion because its enforcement renders the fifty corner lots entirely useless to those who purchased them, as these lots are only twenty-five feet wide. If the owner must keep his building fifteen feet away from the side street, he will only have a lot ten feet wide to build a house upon. As we have said, this could not have been the intention of the parties, but as there is no ambiguity in the deed, and the language is perfectly clear, we are bound by it in construing what the deed means. It says a building shall not be erected within fifteen feet of any street bounding the premises hereby conveyed. Watson Avenue bounds the defendant's lot, just as Spencer Avenue does, the former on the side, the latter on the front. If the defendant was permitted to build within fifteen feet of Watson Avenue, he would spoil the uniformity of the building-lines on the whole tract. The houses on Watson Avenue in the rear of his lots would not have a straight building-line from Spencer Avenue to the next street, but they would be hemmed in at that end, and also at the other end, when a building was erected there. This would injure these properties and destroy the uniformity and beauty of the whole development scheme.

It is true that the erection of a building by the defendant close to Watson Avenue will not specifically interfere with or injure the plaintiff, but in a general improvement or development scheme any holder of a lot can enjoin one who violates any of the restrictions contained in the deeds to all the lots, and need not allege that he is specially injured thereby: 18 Corpus Juris, 394; St. Andrews's Lutheran Church's Appeal, 67 Pa. 512. We are of the opinion, therefore, that the plaintiff is entitled to a preliminary injunction as prayed for, and direct that one shall issue.